IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32450-8-III |
| Appellant, | ) | |
| v. | ) | |
| WILLIAM ALEXANDER, | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |

FEARING, J. — Search warrants must be based on probable cause rather than a law enforcement officer's wish to determine whether criminal activity exists. In this appeal, a law enforcement officer declared in an affidavit supporting a search warrant that she desired a warrant to explore the outbuildings on William Alexander's property to "prove or disprove" the legality of Alexander's marijuana grow venture. Execution of the warrant led to the discovery of firearms illegally possessed by Alexander. When charged with unlawful possession of firearms, Alexander sought to suppress evidence of the firearms by challenging the search warrant on the basis that the affidavit did not establish probable cause. The trial court agreed, granted Alexander's motion to suppress, and dismissed charges against Alexander without prejudice. We affirm.

## FACTS

North Central Washington Narcotic Task Force Detective Jodie Barcus completed an affidavit requesting a search warrant for William Alexander's property at 326 Monse Bridge Road in Brewster, Washington. In her affidavit, Detective Barcus stated she visited Alexander's property that morning based on an anonymous tip that the task force received of a possible illegal marijuana cultivation operation. From Highway 97, Barcus observed an enclosed greenhouse. She drove west on Monse Bridge Road and saw the west side of the greenhouse had several sections of plastic missing. According to her search warrant affidavit, Detective Barcus saw through the open sections:

> what I believed, based on my training and experience to be six to ten foot tall Marijuana plants. The greenhouse is approximately twenty feet wide and thirty feet long. I was unable to count the number of plants in the green house or on the property. I observed a large industrial type fan on in the north side of the greenhouse.

Clerk's Papers (CP) at 25.

In her search warrant affidavit, Detective Jodie Barcus reviewed the law regarding controlled substances and medical marijuana. She declared:

> Under the medical marijuana statute, RCW 69.51A.040 a person is allowed to possess 15 plants and 24 ounces of usable cannabis product, whether he or she is a designated provider or a qualifying patient. If a person is both a designated provider and a qualifying patient the person is allowed to possess no more than 30 plants and 48 ounces usable cannabis product.
> Under the medical marijuana statute, RCW 69.51A.085 collective gardens; no more than ten qualifying patients may participate in a single collective garden at any time, a collective garden may contain no more than

2

fifteen plants per patient up to a total of forty-five plants; a collective garden may contain no more than twenty-four ounces of useable cannabis per patient up to a total of seventy-two ounces of useable cannabis.

Later in her affidavit, Barcus averred:

I am requesting a search warrant for the property, outbuildings (detached or attached) and vehicles to verify the number of growing Marijuana plants, usable Marijuana and any documents *to prove or disprove a violation of RCW 69.50.401*, Manufacturing Marijuana. If in fact the Marijuana grow is discovered to fall under RCW 69.51A.085, collective garden the owners/operators are in violation of RCW 69.51A.060, it shall be a class 3 civil infraction to use or display medical cannabis in a manner or place which is open to the view of the general public. A class 3 infraction carries a $ 103.00 fine.

CP at 25-26 (emphasis added). The Okanogan County district court judge granted the search warrant.

The drug task force executed the search warrant on William Alexander's property and outbuildings at a time when Alexander, his wife, and his son were present. Officers ordered the Alexanders out of their home. During the search of the greenhouse, Detective Jodie Barcus asked Alexander if any weapons lay in the residence. Alexander answered in the affirmative. Barcus asked Alexander to show her the guns. Alexander replied that he "isn't supposed to mess with guns" because he is a convicted felon. CP at 87. Alexander showed Barcus a rifle in a closet, and Deputy Davis took a photo of the gun. Barcus confirmed, through a law enforcement data system, Alexander's two prior felony convictions for possession of a controlled substance and intimidating a public

3

servant. During the search, the drug task force discovered no violations related to Alexander's medical marijuana grow operation.

After leaving William Alexander's property, Detective Jodie Barcus signed an amended affidavit for a search warrant "to recover all firearms and ammunition" on Alexander's property. CP at 88. After obtaining another search warrant, the task force returned to the Alexander's residence and confiscated four firearms.

## PROCEDURE

The State of Washington charged William Alexander with four counts of unlawful possession of a firearm in the second degree. Alexander filed a motion to suppress all evidence obtained pursuant to the original and amended search warrants. Alexander argued that the court issued the first warrant without probable cause. He highlighted language in Detective Jodie Barcus' affidavit that she desired a search warrant to "prove or disprove" a potential violation of the Uniform Controlled Substances Act chapter 69.50 RCW (CSA) or Washington State Medical Use of Cannabis Act chapter 69.51A RCW (MUCA). The State argued that certainty is not required for probable cause and that Detective Barcus' description of her observations sufficed for a neutral magistrate to evaluate the request for a search warrant.

The superior court granted William Alexander's motion to suppress. The trial court observed during his oral ruling:

4

I see the language that well, I want a warrant to prove or disprove this offense, to me that equates to nothing more than language which is also repeated numerous times in case law over the last twenty or thirty years where warrants are not valid if they are simply, in effect, requested for a fishing expedition. . . . I am concerned because the officer says she is unable to count the number of plants and I'm not saying that she needed to have the exact number, but what that tells me is that she knew there was marijuana or what she reasonably believed to be marijuana but she didn't have any idea how much (unintelligible) and she even cites the medical marijuana statute and what it allows and then she goes on to say "I just want a warrant to prove or disprove that there is a violation of the medical marijuana statute." And I just don't think it works that way. So, Mr. Thomason, I am going to grant your motion and ask you to prepare appropriate findings of fact which are consistent with, really, the officer's request for the warrant, which is very simple and that is that there is not probable cause to believe that an offense or a crime had been committed and that is based largely on the key language of the warrant, which says simply "I am requesting a search warrant to prove or disprove a violation of the law."

Report of Proceedings (RP) at 9-10.

In its conclusions of law, the superior court concluded:

1. The affidavit in support of the warrant failed to set forth facts and circumstances sufficient to establish a reasonable inference that Mr. Alexander was probably involved in criminal activity.

2. A warrant should only issue if there is probable cause to believe that a crime has been committed—not to "prove or disprove" whether or not a crime has been committed. Although the affidavit need not make a prima facie showing of criminal activity, it must show criminal activity is at least *probable*. At no point did Detective Barcus, or any other witness, state that she had probable cause to believe Mr. Alexander was in violation of RCW 69.50.401 or any other criminal law.

3. Detective Barcus did not request a warrant based upon inferences that Mr. Alexander was merely growing marijuana on his property; her extensive discussion over the Medical Marijuana Statutes demonstrate the Detective requested the warrant to "verify" the number of plants. Her affidavit was not couched in terms that there was a probable violation of the

5

law, but rather was merely wanted [wanting] a warrant to check and see whether there was a violation of law.

4. When an unconstitutional search or seizure occurs, as transpired in this case, all subsequently uncovered evidence becomes fruit of the poisonous tree and must be suppressed.

CP at 5. The trial court dismissed charges without prejudice.

## LAW AND ANALYSIS

### Search Warrant

The sole substantive issue on appeal is whether the trial court erred in granting William Alexander's motion to suppress evidence of firearms on the basis that Detective Jodie Barcus' initial affidavit did not establish probable cause to justify issuance of a search warrant. Law enforcement would not have gained knowledge of the unlawfully possessed guns but for activity authorized by the first search warrant.

The State of Washington contends that Detective Barcus' affidavit provided the court with enough information to find probable cause because the affidavit included her observation of marijuana growing in a greenhouse on Alexander's property. William Alexander argues that Barcus' citation to both the CSA act and the MUCA coupled with her statement that she desired a warrant to "prove or disprove" violations of those laws failed to establish probable cause that a crime was being committed on Alexander's property. We agree with Alexander.

William Alexander relies only on the Washington constitution, which affords greater protection under these circumstances than the federal constitution. Article I,

section 7 of our state constitution requires that a search warrant issue only upon a determination of probable cause by a neutral magistrate. *State v. Myers*, 117 Wn.2d 332, 337, 815 P.2d 761 (1991). Probable cause exists when facts and circumstances suffice to establish a reasonable inference that the defendant is involved in criminal activity and that evidence of the criminal activity can be found at the place to be searched. *State v. Maddox*, 152 Wn.2d 499, 505, 98 P.3d 1199 (2004). Probable cause requires (1) a nexus between criminal activity and the item to be seized, and (2) a nexus between the item to be seized and the place to be searched. *State v. Thein*, 138 Wn.2d 133, 140, 977 P.2d 582 (1999). An affidavit supporting a search warrant must show criminal activity is at least probable. *State v. Ellis*, 178 Wn. App. 801, 805-06, 327 P.3d 1247 (2014). Evidence obtained from a warrant issued without probable cause should be suppressed under the fruit of the poisonous tree doctrine. *State v. Eisfeldt*, 163 Wn.2d 628, 640, 185 P.3d 580 (2008).

The State of Washington claims that Detective Jodie Barcus cited, in her affidavit, the statute she believed was being violated and the crime therein. The State further argues that Barcus indicated what crimes she believed were probably happening. To the contrary, Detective Barcus never stated a belief that any crime was probably being committed on William Alexander's property. She cited two statutes that she said might be violated.

7

The State principally relies on our recent decision of *State v. Ellis*, 178 Wn. App. 801 (2014). The State contends *Ellis* holds that an affidavit supporting a search warrant that presents enough details to reasonably infer the suspect is growing marijuana on his or her property is enough to render the search warrant valid. The State's recitation of *Ellis'* holding is correct, but the holding does not help the State under the circumstances on appeal.

In *State v. Ellis*, we addressed a similar situation. While visiting Daniel Ellis' residence to arrest another person, Spokane County Sheriff Deputy Mark Benner smelled marijuana. Because of unsociable dogs, Deputy Benner could not reach the front door, so he attempted to access the home elsewhere. As he neared the garage, he smelled marijuana again. He peeked into a residence window and discovered what he believed was a small marijuana grow venture. Benner obtained a search warrant to search the residence for evidence of marijuana manufacturing in violation of the CSA. During that search, Benner discovered a firearm, which Ellis was prohibited from possessing due to a prior felony conviction. Nevertheless, Ellis possessed a medical marijuana grow permit. We affirmed the trial court's denial of Ellis' motion to suppress evidence of the firearm on the basis that the initial search warrant lacked probable cause because Ellis had valid permits to grow marijuana. We clarified that an officer seeking a search warrant for a suspected illegal marijuana grow operation need not also show the medical MUCA exception's inapplicability.

8

Deputy Jodie Barcus did not seek a search warrant for what she believed was an illegal marijuana grow. Instead Barcus stated she wished to search William Alexander's property to "prove or disprove" his compliance with the law. On the one hand, Deputy Benner's probable cause affidavit in *Ellis* stated he believed Ellis to be violating the CSA. On the other hand, Detective Barcus confusingly cited both the MUCA and the CSA in her affidavit and stated that, if she found no CSA violation, she would determine whether Alexander should be cited for a civil violation under the MUCA.

A search warrant issues upon the probability of criminal activity rather than to afford law enforcement an opportunity to disprove a crime. Stating that one wishes to "prove or disprove" a violation of the law impliedly admits that it is equally probable no violation exists.

### Attorney Fees

William Alexander requests attorney fees and costs incurred on appeal. Alexander does not state the grounds on which he is entitled to fees and costs.

RAP 18.1(b) requires that any party seeking fees on appeal have a separate section in its brief detailing the rationale for awarding fees. A bare request for attorney fees is not enough. The party must provide argument and citation to authority supporting its request for fees. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998). Therefore, we deny Alexander's request.

9

CONCLUSION

We affirm the superior court's grant of William Alexander's motion to suppress and the dismissal without prejudice of charges against William Alexander for unlawful possession of firearms.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.